715 A.2d 994

THE STATE OF NEW JERSEY, AND THE CASINO REINVEST-
MENT DEVELOPMENT AUTHORITY, PLAINTIFFS–RESPON-
DENTS, v. TRUMP HOTELS & CASINO RESORTS, INC., DE-
FENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 3, 1998—Decided March 20, 1998.

Before Judges PRESSLER, CONLEY and CARCHMAN.

*John J. Barry*, argued the cause for appellant (*Barry & McMo-
ran*, and *Stern & Greenberg*, attorneys; *Mr. Barry, Herbert J.
Stern, Adam N. Saravay, Thomas F. Doherty* and *Diane M.
Schulze*, on the joint brief)

*Michael R. Cole*, argued the cause for respondents (*Riker,
Danzig, Scherer, Hyland & Perretti* and *Connell Foley & Geiser*,
attorneys for Casino Reinvestment Development Authority, and
*Peter Verniero*, Attorney General, attorney for the State of New
Jersey; *Mr. Cole* and *Theodore W. Geiser*, of counsel; *David
Fernandez* and *Jeffrey J. Miller*, Assistant Attorney General, on
the joint brief).

*Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein*,
attorneys for amici curiae, United Senior Alliance, Senior Truth
Squad, New Jersey Council of Senior Citizens, Independence Park
Senior Citizens Friday Club and Michael Agnello (*Jan Alan
Brody* and *Kenneth L. Winters*, on the brief).

PER CURIAM.

Defendant Trump Hotels & Casino Resorts, Inc. (Trump) ap-
peals from a May 14, 1997 order declaring: 1) "that the use by the

CRDA [Casino Reinvestment Development Authority] of the proceeds from the sale of bonds to casino licensees or of investments made by casino licensees pursuant to *N.J.S.A.* 5:12–144.1(a)(2) for eligible projects approved by the CRDA pursuant to *N.J.A.C.* 19:65–2.4 is not barred by Art. 4, § 7, ¶ 2 of the New Jersey Constitution;" 2) "that the use of the parking fees collected pursuant to *N.J.S.A.* 5:12–173.1 to –173.7 by CRDA to fund 'eligible projects in the corridor region of the City of Atlantic City in Atlantic County,' pursuant to *N.J.S.A.* 5:12–173.4 is not barred by Art. 4, § 7, ¶ 2 of the New Jersey Constitution;" and 3) "that the use of funds received pursuant to the Sales and Use Tax Act, *N.J.S.A.* 54:32B–1 *et seq.* to reimburse a casino licensee for 75% of remediation costs pursuant to the Municipal Landfill Site Closure, Remediation and Redevelopment Act (the 'Remediation Act'), *N.J.S.A.* 13:1E–116.1 *et seq.* is not barred by Art. 4, § 7, ¶ 2 of the New Jersey Constitution." By leave granted, United Senior Alliance, Senior Truth Squad, New Jersey Council of Senior Citizens, Independence Park Senior Citizens Friday Club, and Michael Agnello were permitted to file an *amici curiae* brief, limited to the issues raised by Trump. Those issues are:

POINT I. THE PLAIN LANGUAGE OF THE CASINO AMENDMENT MEANS THAT ALL "STATE REVENUES DERIVED [ ] FROM" THE "ESTABLISHMENT AND OPERATION OF [CASINO] GAMBLING ESTABLISHMENTS" SHALL BE DEDICATED TO PROGRAMS FOR SENIOR CITIZENS AND THE DISABLED; THE LANGUAGE OF THE AMENDMENT IS NOT LIMITED TO REVENUES FROM A DIRECT TAX ON GAMBLING.

    A. The Plain Language of the Casino Amendment Means that All State Revenues Derived from Casino Gambling Establishment Must be Dedicated to Senior Citizens and the Disabled.

    B. The Interpretation of the Casino Amendment Advanced by Plaintiffs and Adopted by the Law Division Violates Established Rules of Grammar, Principles of Composition, and Well-settled Canons of Constitutional Construction.

POINT II. THE RELEVANT CONSTITUTIONAL AND LEGISLATIVE HISTORY OF THE CASINO AMENDMENT REINFORCES THE UNAMBIGUOUS MEANING OF ITS PLAIN LANGUAGE.

    A. Because the Language of the Casino Amendment is Unambiguous, its Constitutional and Legislative History is Irrelevant.

B. The Law Division Overlooked the Critical Portions of the Pre–Ratification Constitutional History, Which Confirm that All State Revenues, Including the Funds At Issue Here, Were to be Dedicated to Senior Citizens and the Disabled.

C. The Casino Control Act's Legislative History Demonstrates that the Legislature Intended to Divert State Revenues Derived from Casino Revenues to Constitutionally Prohibited Purposes.

D. Even if the Primary Purpose of the Casino Amendment were to Revitalize Atlantic City, This Would Not Justify the Challenged Financing Mechanisms.

POINT III.   THE CRDA INVESTMENT ALTERNATIVE TAX SCHEME UNCONSTITUTIONALLY DIVERTS STATE REVENUES DERIVED FROM CASINO GAMBLING TO PROJECTS NOT DEDICATED TO THE BENEFIT OF SENIOR CITIZENS AND THE DISABLED.

A. The Investment Alternative Tax Program Cannot be Justified as a "Tax Credit" for Private "Investments" Because it is Essentially a Tax and, in any Event, it Generates "State Revenues" Which Must be Used to Benefit Senior Citizens and the Disabled.

1. The casino investment program is not a tax credit and, in effect, imposes a substantial tax on casino gambling revenues.

2. Even if, as the Law Division erroneously held, the casinos' required investments of 1.25% of their gambling revenues are private "investments" made to obtain "tax credits," they still generate "State revenues" from casino gambling.

B. The CRDA Investment Alternative Tax System Cannot be Justified as a Condition on Casino Licenses; Nor is the Casino Amendment Ambiguous With Respect to Fees for Casino Licenses.

POINT IV.   CRDA'S USE OF PARKING FEES COLLECTED FROM CASINOS TO FUND REDEVELOPMENT PROJECTS VIOLATES THE CASINO AMENDMENT'S DEDICATION OF ALL "STATE REVENUES" DERIVED FROM CASINOS TO THE BENEFIT OF SENIOR CITIZENS AND THE DISABLED.

POINT V.   THE LAW DIVISION'S HOLDING EFFECTIVELY NULLIFIES THE CASINO AMENDMENT'S DEDICATION OF STATE REVENUES DERIVED FROM CASINO GAMBLING ESTABLISHMENTS TO PROGRAMS FOR SENIOR CITIZENS AND THE DISABLED.

These issues are the same issues raised below. In a well-reasoned, comprehensive twenty-nine page written opinion, Judge Williams rejected Trump's contentions, and entered the May 14, 1997 order declaring the challenged CRDA investment alternative

tax provisions and the parking fees provisions constitutional.[1] We have carefully considered the contentions of Trump and *amici curiae* on appeal in light of the entire record and applicable law.

We affirm for the reasons set forth by Judge Williams in his May 14, 1997 written opinion, which we could not write with any better clarity or rationale.

---

[1] Trump does not challenge the declaration of constitutionality of the use of moneys from the sales and use tax for reimbursement to casino licensees for clean up costs under the Remediation Act.